Dear Mr. Davis:
You have requested an opinion of the Attorney General, on behalf of the Town of Arcadia (the "Town"), regarding its authority to pay one-half the deductible for its employees with family insurance coverage. Under the plan, the employee would pay the first half of the deductible after which the Town would pay to health care providers the second half of the insurance deductible up to a maximum of Five Hundred Dollars ($500.00) per year. You ask whether this is legally permissible.
In answer to your question, I refer you R.S. 33:5151. It provides the following:
 "§ 5151. Power to contract for group insurance; premiums
 A. Any municipality or political subdivision of the state may make contracts of insurance with any insurance company legally authorized to do business in this state insuring their employees and officials under policies of group insurance covering hospitalization, and retirement, for such employees and officials and may agree to match the payments of the employees and officials for the premiums or charges for any such contracts payable out of the funds of such municipality or political subdivision, respectively.
 B. Nothing in this Section or in R.S. 42:851 shall be construed to limit the contribution of a local governmental subdivision toward the payment of premiums for accident and health protection for its employees or their dependents, or both." [Emphasis added.]
As can be gleaned from the above, the Town may agree to match or pay all of the premiums for contracts of insurance.
In addition to this statutory authorization for the use of public funds to pay insurance premiums, Article VII, Section 14 of the 1974 Louisiana Constitution further provides, in pertinent part, the following:
 "B. Authorized Uses. Nothing in this Section shall prevent . . . (2) contributions of public funds to pension and insurance programs for the benefit of a public employee;"
As noted above, the constitutional exception to the contribution and/or donation of public funds envisions employer contributions to insurance programs for the benefit of public employees. This office has consistently opined that this authority is limited to the expenditure of public funds to pay the insurer for the benefit of the employee and not to pay cash benefits directly to the employee and/or health care providers over and above wages. Attorney General Opinion Nos. 90-558, 90-483 and 90-431.
Therefore, it is the opinion of this office that the Town of Arcadia may not reimburse its employees for a portion of the deductible for which the employee is responsible under the insurance contract.
With kindest regards, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob III/cla
Date Received:
Date Released:
Robert E. Harroun, III Assistant Attorney General